24-2124-cv
*Weisberg v. Bessent*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand twenty-five.

PRESENT:
>  GERARD E. LYNCH,
>  BETH ROBINSON,
>  ALISON J. NATHAN,
> > *Circuit Judges*.

_____

RICHARD J. WEISBERG,

> > *Plaintiff-Appellant*,

> > v.                                                            No. 24-2124-cv

SCOTT BESSENT, IN HIS CAPACITY AS UNITED STATES SECRETARY OF THE TREASURY AND HEAD OF THE UNITED STATES DEPARTMENT OF THE TREASURY,[*]

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Treasury Scott Bessent is automatically substituted for former Secretary of the Treasury Janet Louise Yellen as Defendant-Appellee.

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:   Richard J. Weisberg, *pro se*, Norwalk, CT.

FOR DEFENDANTS-APPELLEES:   Brian M. Boynton, Principal Deputy Assistant Attorney General; Vanessa Roberts Avery, United States Attorney; Gerard Sinzdak, Urja Mittal, Attorneys, United States Department of Justice, Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Williams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Richard J. Weisberg, a retired attorney representing himself, sued Janet Yellen, in her then-official capacity as Secretary of the Treasury, seeking a declaration that, in the event of a default on the public debt, any failure of the United States Government to satisfy its financial obligations would violate the Public Debt Clause of the Fourteenth Amendment. The Government moved to dismiss for lack of subject matter jurisdiction, arguing that Congress's suspension of the debt limit in June 2023 mooted Weisberg's claims, and that he otherwise lacked standing because his claims were too speculative and generalized.

The district court granted the motion to dismiss without resolving the standing issue, reasoning that Weisberg's complaint presented a non-justiciable political question and holding, in the alternative, that it would decline to exercise its discretion to issue a declaratory judgment. *See Weisberg v. Yellen*, No. 3:23-cv-549, 2024 WL 3718265, at *4 (D. Conn. Aug. 7, 2024). Weisberg appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We do not consider the grounds relied on by the district court; rather, we affirm on the ground that the district court lacked subject matter jurisdiction because Weisberg did not have standing to bring his claims. *See Tanvir v. Tanzin*, 120 F.4th 1049, 1065 (2d Cir. 2024) (explaining that we may affirm a district court "on any ground with support in the record, including grounds upon which the district court did not rely").[2]

The party invoking federal jurisdiction has the burden of establishing standing. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84 (2d Cir. 2014). To establish standing under Article III of the United States Constitution, a plaintiff

---

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

must show (1) that they suffered an injury in fact, (2) that is causally connected to the challenged conduct, and (3) that is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact must be "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." *Id.* at 560. A particularized injury must affect the plaintiff "in a personal and individual way," *id.* at 560 n.1, and is distinct from an injury to "a general interest common to all members of the public," *id.* at 575 (collecting cases). This requirement "avoid[s] having the federal courts serve as merely publicly funded forums for the ventilation of public grievances[.]" *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003).

Here, Weisberg's claim that the Treasury might default one day in the future, and that, as a result, his social security benefits and retirement savings would be negatively affected, is too speculative to constitute a concrete injury. *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 410 (2013) (stating that a theory of standing premised on "a highly attenuated chain of possibilities does not satisfy the requirement that threatened injury must be certainly impending"). Weisberg's claim relies on a series of contingencies; he will be injured by a loss or delay in certain government benefits (1) if the federal government's borrowing reaches the

4

debt limit, (2) if the Treasury exhausts its available "extraordinary measures" to meet the obligations of the United States,[3] (3) if Congress and the President fail to raise or suspend the debt limit, and (4) if the Executive Branch then fails to timely pay Weisberg's benefits when due. The projected scenario has never come to pass—that is, Congress has never failed to suspend the debt ceiling or increase the statutory debt limit when the public debt bumps up against that statutory constraint. Weisberg asserts standing based on an injury that he *might* suffer *if* that changes, and *if*, as a result, the Executive Branch withholds his benefits. Weisberg's injury is not "certainly impending" when it depends on so many speculative steps. *Clapper*, 568 U.S. at 410.

Accordingly, we **AFFIRM** the judgment of the district court dismissing Weisberg's claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] By statute, the Treasury Secretary is authorized to take certain "extraordinary measures" to enable the federal government to continue meeting its financial obligations for some time. *See, e.g.*, 5 U.S.C. § 8348(j).